UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                      Case No. 3:11-bk-02409-PMG

DURGAMA, INC.,                              Chapter 11

       Debtor.

_____/

## ORDER CONDITIONALLY DENYING REQUEST FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY BASED ON FIRST SOUTHERN BANK'S AFFIDAVIT OF DEFAULT PURSUANT TO INTERIM ORDER ON DEBTOR'S MOTION TO USE CASH COLLATERAL

This case is before the Court upon First Southern Bank's Affidavit of Default Pursuant to Interim Order on Debtor's Motion to Use Cash Collateral (D.E. 3) (the "Affidavit") filed by First Southern Bank, as assignee of the FDIC as Receiver for Haven Trust Bank Florida ("First Southern"), in which First Southern requested that this Court enter an order granting First Southern relief from stay with regard to the Mortgaged Property (as this term is defined in the Affidavit) on an *ex parte* basis. The Court, having reviewed the Motion, conducted a hearing, considered argument of counsel and being otherwise fully advised in the premises, it is

**ORDERED:**

1.     The Affidavit's request for an order granting relief from the automatic stay is denied conditioned on the Debtor's compliance with the terms set forth below.

2.     By June 8, 2011, the Debtor shall file with the Court the Debtor's weekly profit and loss statements for the period from April 1, 2011 through June 3, 2011, and subsequently, the Debtor shall file with the Court the Debtor's weekly profit and loss

statements (collectively, the "P&Ls") on each and every Wednesday thereafter for the weekly period ending on the previous Friday.

3.    By June 8, 2011, the Debtor shall file with the Court the backup documentation supporting the figures stated in the P&Ls which shall include the (a) Debtor's weekly income statement; (b) Debtor's daily reports for each day; and (c) Debtor's bank statement for each week (collectively, the "Backup Documentation"), and subsequently, the Debtor shall file with the Court the Backup Documentation supporting the P&Ls on each and every Wednesday thereafter for the weekly period ending on the previous Friday.

4.    By June 1, 2011, the Debtor shall file with the Court the P&L and the Backup Documentation for the period from May 21, 2011 to May 27, 2011.

4.    All P&Ls and all Backup Documentation shall be prepared in accordance with the Uniform System of Accounts for Hotels.

5.    In the event of a default by the Debtor in complying with its obligations in providing the P&Ls and the Backup Documentation to First Southern, as set forth in paragraphs above, First Southern shall provide the Debtor with forty-eight (48) hours' notice of default of adequate protection, telephonically to the Debtor's counsel. Electronic mail shall be considered telephonic notice for purposes of this paragraph. If the Debtor does not cure the specified default within the 48 hours' notice, the further use of the Cash Collateral (as this term is defined in the Interim Order on Debtor's Motion to Use Cash Collateral (D.E. 20) (the "Interim Order")) by the Debtor is prohibited and the Court shall enter an order granting First Southern relief from the automatic stay with

regard to the Mortgaged Property (as this term is defined in the Interim Order) on an *ex parte* basis upon the filing by First Southern of an affidavit of default.

DATED this 3 day of _____JUNE_____ 2011, in Jacksonville, Florida.

_____

PAUL M. GLENN
Chief United States Bankruptcy Judge

Copies furnished to:

Durgama, Inc.
c/o Jyotsna Patel
1300 N. Ponce De Leon Blvd.
St. Augustine, FL 32084;

Buddy D. Ford
115 N. MacDill Avenue
Tampa, FL 33609-1521

Elena L. Escamilla
United States Trustee - JAX
135 W. Central Boulevard, Suite 620
Orlando, Florida 32801

J. Ellsworth Summers, Jr.
Rogers Towers, P.A.
1301 Riverplace Blvd., Suite 1500
Jacksonville, FL 32207