UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                              Case No.  3:11-bk-02409-PMG

DURGAMA, INC.,                                      Chapter 11

          Debtor.

_____/

## SECOND ORDER ON DEBTOR'S
## MOTION TO USE CASH COLLATERAL

This case was before the Court on the final evidentiary hearing on the Motion to Use Cash Collateral *Nunc Pro Tunc* (D.E. 20) (the "Cash Collateral Motion") filed by the Debtor, Durgama, Inc. (the "Debtor"), and on the Objection to the Motion for Authority to Use Cash Collateral *Nunc Pro Tunc* (D.E. 21) (the "Objection") filed by First Southern Bank, as assignee of the FDIC as Receiver for Haven Trust Bank Florida ("First Southern").

On November 14, 2008, the Debtor executed that certain Renewal Promissory Note to Haven Trust Bank Florida ("Haven Trust") in the original principal amount of Eight Million Seven Hundred Fifty Thousand and 00/100 Dollars ($8,750,000.00) (the "Renewal Note 1"). A true and correct copy of the Renewal Note 1 is attached to the Objection as Exhibit "A."

The loan is further evidenced by, and administered in accordance with, the terms of that certain Loan Agreement dated November 14, 2008, by and between the Debtor, Narendra Patel, Jyotsna Patel and Haven Trust (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached to the Objection as Exhibit "B."

First Southern is the owner and holder of Renewal Note 1 and the Loan Agreement by virtue of that certain Assignment of Notes, Mortgage and Loan Documents dated as of

September 24, 2010 and recorded in Official Records Book 15427, page 1439, et seq., of the current public records of Duval County (the "Haven Trust Assignment"). In conjunction with the Haven Trust Assignment, Renewal Note 1 has been endorsed to First Southern by virtue of that certain Allonge dated as of September 24, 2010 (the "Haven Trust Allonge 1"). The Haven Trust Assignment and the Haven Trust Allonge 1 shall be collectively referred to herein as the "Renewal Note 1 Haven Trust Assignment Documents". True and correct copies of the Renewal Note 1 Haven Trust Assignment Documents are attached to the Objection as Composite Exhibit "C."

Under the terms of Renewal Note 1, monthly payments of principal and accrued interest were due and payable on the 14th day of each month beginning on December 14, 2008, and continuing on the 14th day of each successive month thereafter until the maturity date of November 14, 2011, upon which date the entire unpaid balance of principal and accrued interest was to be due and payable.

On November 14, 2008, the Debtor executed that certain Renewal Promissory Note to Haven Trust in the original principal amount of Three Million Four Hundred Fifty Thousand and 00/100 Dollars ($3,450,000.00) (the "Renewal Note 2"). A true and correct copy of Renewal Note 2 is attached to the Objection as Exhibit "D".

The loan is further evidenced by, and administered in accordance with, the terms of the Loan Agreement attached to the Objection as Exhibit "B."

First Southern is the owner and holder of Renewal Note 2 by virtue of the Haven Trust Assignment. In conjunction with the Haven Trust Assignment, Renewal Note 2 has been endorsed to First Southern by virtue of that certain Allonge dated as of September 24,

JAX\1530685_1                                    -2-

2010 (the "Haven Trust Allonge 2"). The Haven Trust Assignment and the Haven Trust Allonge 2 shall be collectively referred to herein as the "Renewal Note 2 Haven Trust Assignment Documents". True and correct copies of the Renewal Note 2 Haven Trust Assignment Documents are attached to the Objection as Composite Exhibit "E".

Under the terms of Renewal Note 2, monthly payments of principal and accrued interest were due and payable on the 14th day of each month beginning on December 14, 2009, and continuing on the 14th day of each successive month thereafter until the maturity date of November 14, 2011, upon which date the entire unpaid balance of principal and accrued interest was to be due and payable.

In order to secure the indebtedness evidenced by Renewal Note 1 and Renewal Note 2, the Debtor and Shree-Shivji, LLC, a Florida limited liability company ("Shree-Shivji"), executed and delivered to Haven Trust that certain Amended and Restated Mortgage, Security Agreement, Financing Statement and Spreading Agreement dated November 14, 2008 in favor of Haven Trust(the "Amended and Restated Mortgage"), which mortgaged the real property located in Duval County more particularly described in Exhibit "F" attached to the Objection (the "Real Property"), and which was recorded in Official Records Book 14699, page 1484 of the current public records of Duval County, Florida. A true and correct copy of the Amended and Restated Mortgage is attached to the Objection as Exhibit "G."

The Amended and Restated Mortgage also encumbered certain articles of personal property owned by the Debtor, including, but not limited to, machinery, apparatus, equipment, fittings, fixtures, and proceeds, as more particularly described in the Amended and Restated Mortgage (collectively, the "Personal Property"). Additionally, the Amended

and Restated Mortgage encumbered, among other things, all of the Debtor's right, title, and interest in present and future leases, rents, income and profits from the Real Property, as more particularly described in the Amended and Restated Mortgage (collectively, the "Rents").

In order to secure the indebtedness evidenced by Renewal Note 1 and Renewal Note 2, the Debtor and Shree-Shivji executed and delivered to Haven Trust that certain Amended and Restated Conditional Assignment of Rents, Leases and Revenues dated November 14, 2008 and recorded in Official Records Book 14699, page 1511 of the current public records of Duval County, Florida (the "Amended and Restated Assignment of Rents"). A true and correct copy of the Amended and Restated Assignment of Rents is attached to the Objection as Exhibit "H." The Amended and Restated Assignment of Rents assigned, among other things, all of the Debtor's right, title and interest in the Rents.

In order to further secure Renewal Note 1 and Renewal Note 2, Haven Trust filed a Uniform Commercial Code Financing Statement with the Florida Secured Transaction Registry under File No. 200809555822 (the "Financing Statement") to perfect its security interest in the in the Real Property, Personal Property and Rents (the "Mortgaged Property"). A true and correct copy of the Haven Trust Financing Statement is attached to the Objection as Exhibit "I."

First Southern is the owner and holder of the Amended and Restated Mortgage, the Amended and Restated Assignment of Rents and the Financing Statement by virtue of the Haven Trust Assignment.

Renewal Note 1, the Loan Agreement, Renewal Note 1 Haven Trust Assignment Documents, Renewal Note 2, Renewal Note 2 Haven Trust Assignment Documents, the Amended and Restated Mortgage, the Amended and Restated Assignment of Rents and the Financing Statement are collectively referred to as the "Loan Documents."

In the Cash Collateral Motion, the Debtor seeks entry of an Order permitting the use of any and all cash, accounts receivable and other rights to payments in existence as of April 1, 2011 (the "Petition Date"), all cash collections of the Debtor's pre-petition assets, and all proceeds of the Debtor's pre-petition assets, all of which constitute cash collateral under 11 U.S.C. § 363(a) (the "Cash Collateral"), or conditioning the Debtor's use of the Cash Collateral on providing First Southern with adequate protection.

In the Objection, First Southern objects to the use of cash collateral without payment and/or provision of adequate protection as required by 11 U.S.C. §§ 361 and 363.

The Court having reviewed the pleadings, conducted a hearing on May 26, 2011, and being more fully advised in the premises, and for the reasons stated on the record that constitute the decision of the Court on May 31, 2011, it is:

ORDERED:

1.      The Motion is granted.

2.      The Debtor is authorized to use the Cash Collateral until the Expiration Date (as this term is defined in paragraph 14 below), whichever is earlier, to pay actual, necessary, and ordinary expenses to operate its business as a debtor-in-possession for those purposes and in those amounts set forth in the budget attached hereto as Exhibit "A" (the "Budget"), except (a) for the monthly adequate protection payment to First Southern which shall be paid

in the amounts set forth in paragraph 6 below; and (b) that the budgeted expense "Management Fees (Rooms)" in the amount of $8,357 in the Hotel portion of the Budget will not be paid.

3.      The Debtor shall file with the Court weekly reports of cash, income and other receipts for the month, the sources of those receipts, and all expenditures and disbursements, together with expenses incurred and unpaid, beginning on Wednesday, June 1, 2011 (for the period from May 21 through May 28) and on each and every Wednesday thereafter for the weekly period ending on the previous Friday.  The weekly reports shall be prepared in accordance with the Uniform System of Accounts for Hotels and shall include but shall not be limited to: (a) STAR Reports, including detailed information on the comparable properties; (b) detailed operating budgets; (c) guest satisfaction reports, or the equivalents thereof; (d) any and all inspection reports prepared by Holiday Inn (IHG), including but not limited to evaluating reports or property improvement plans; and (e) any and all information provided by the Debtor to Holiday Inn (IHG) pursuant to the franchise agreement. Furthermore, the Debtor agrees to provide to First Southern direct access to Holiday Inn (IHG) with respect to the Mortgaged Property, and shall execute any and all documents to authorize such access.  All revenues received by the Debtor shall be deposited in a debtor in possession bank account at a depository approved by the U.S. Trustee.

4.      The Debtor shall also file with the Court financial statements reporting cash, income and other receipts for the month, the sources of those receipts, and all expenditures and disbursements, together with expenses incurred and unpaid, beginning on June 10, 2011 (for the period May 1 through May 31), and on the 10th of each month thereafter for each of

the following months.  The monthly reports shall be prepared in accordance with the Uniform System of Accounts for Hotels and shall include but shall not be limited to: (a) STAR Reports, including detailed information on the comparable properties; (b) detailed operating budgets; (c) guest satisfaction reports, or the equivalents thereof; (d) any and all inspection reports prepared by Holiday Inn (IHG), including but not limited to evaluating reports or property improvement plans; and (e) any and all information provided by the Debtor to Holiday Inn (IHG) pursuant to the franchise agreement.  Furthermore, the Debtor shall provide to First Southern (a) a copy of its 2009 Tax Return within ten (10) days from the entry of this order; (b) a copy of its 2010 Tax Return within five (5) days from filing of same; and (c) copies of all monthly financial statements from January 1, 2010 to March 31, 2011, within ten (10) days from the entry of this order.

5. The Debtor further acknowledges and agrees that First Southern has a first priority perfected security interest and lien in the Cash Collateral and that the value of the Cash Collateral as of the Petition Date is at least $228,719.39.

6. As adequate protection for its interest in the Cash Collateral, First Southern shall receive monthly adequate protection payments from the Debtor in an amount equal to the greater of (a) net operating income, calculated using general accounting principals, from the Mortgaged Property, after payment of expenses; or (b) $18,229.17 (the "Adequate Protection Payments"), until further order of the Court.  The Debtor shall deliver the Adequate Protection Payments on or before the fifth (5th) day of each month thereafter through the Expiration Date, with a ten (10) day grace period for First Southern to receive these payments.  The Adequate Protection Payments shall be delivered to the following

address: J. Ellsworth Summers, Jr., Rogers Towers, P.A., 1301 Riverplace Blvd., Suite 1500, Jacksonville, Florida 32207.

7. As further adequate protection for the use of First Southern's Cash Collateral as permitted in this Order, pursuant to 11 U.S.C. §§ 361(2) and 363(e), First Southern hereby is granted a replacement lien and security interest (the "Replacement Lien") on property of the estate to the same extent and priority as that which existed pre-petition on all of the cash accounts, accounts receivable and other assets and property acquired by the Debtor's estate or by the Debtor on or after the Petition Date (the "Post-Petition Collateral"). The Replacement Lien in the Post-Petition Collateral shall be deemed effective, valid and perfected as of the Petition Date, without the necessity of filing with any entity of any documents or instruments otherwise required to be filed under applicable non-bankruptcy law. The Cash Collateral and the Post-Petition Collateral are referred to collectively hereafter as the "Collateral".

8. Beginning as early as April 22, 2011, the Debtor hereby agrees to permit First Southern, at First Southern's expense, to appoint a consultant (the "Consultant") to review all of the Debtor's financial records and assist the Debtor in the management of the Mortgaged Property. The Consultant shall be given unfettered access to the Debtor's books and records including but not limited to any financial statements; STAR reports; general ledgers; Holiday Inn franchise documents, flag compliance requirement information, communications and inspections; bank account statements; sources and uses of cash; and credit card processing information.

9. The Debtor shall (a) maintain all necessary insurance coverage on the Mortgaged Property including the Hotel and the Real Property and under no circumstances shall the Debtor allow its insurance coverage to lapse, (b) continue to pay each such monthly insurance payment in a timely manner, and (c) within ten (10) days from the entry of this order, serve on First Southern's counsel a statement supported by evidence of Debtor's compliance with the foregoing.

10. To the extent of any diminution in value of the Cash Collateral during the Debtor's bankruptcy case, First Southern shall be entitled to an allowed superpriority administrative claim pursuant to § 507(b) of the Bankruptcy Code, subject only to fees payable to the United States Trustee and fees approved by the Court for any professionals appointed under § 327 of the Bankruptcy Code. This Order shall not impact the rights of other secured creditors to assert § 507(b) superpriority administrative claims.

11. This Order shall not impact any of First Southern's other rights and remedies with respect to any unauthorized use of the Cash Collateral subsequent to the date of this Order and shall be without prejudice to First Southern's right to seek further adequate protection.

12. First Southern and its agents, including but not limited to its appraisers, consultants, attorneys, and forensic accountants, shall have the right to inspect the Debtor's books and records, and physical property during normal business hours (9:00 a.m. through 5:00 p.m.) upon forty-eight (48) hours telephonic notice to the Debtor through its bankruptcy counsel. Electronic mail shall be considered telephonic notice for purposes of this paragraph. Similarly, the Debtor shall afford reasonable access to its property upon similar notice for

purposes of any appraisal commissioned by First Southern. This paragraph shall not apply to the Consultant and/or his company, PKF.

13.     In the event of a default by the Debtor in making the Adequate Protection Payments or in complying with its other obligations in providing adequate protection to First Southern, as set forth in paragraphs above, First Southern shall provide the Debtor with forty-eight (48) hours' notice of default of adequate protection, telephonically to the Debtor's counsel. Electronic mail shall be considered telephonic notice for purposes of this paragraph. If the Debtor does not cure the specified default within the 48 hours' notice, the further use of the Cash Collateral by the Debtor is prohibited and the Court will enter an order granting First Southern relief from the automatic stay with regard to the Mortgaged Property on an *ex parte* basis upon the filing by First Southern of an affidavit of default.

14.     Additionally, the Debtor's authority to use the Cash Collateral shall terminate immediately and automatically upon the earlier of (a) order of this Court; (b) the conversion of this case to a Chapter 7 case or the appointment of a Chapter 11 trustee without the consent of First Southern; (c) the entry of an order that alters the validity or priority of the Replacement Lien granted to First Southern; (d) the Debtor ceasing to operate all or substantially all of its business; (e) the use of the Cash Collateral in excess of amounts permitted under this Order; (f) the entry of an order granting relief from the automatic stay that allows any entity to proceed against any material assets of the Debtor that constitute the Collateral; (g) the entry of an Order authorizing a security interest under §§ 364(c) or 364(d) of the Bankruptcy Code in the Collateral to secure any credit obtained or debt incurred that would be senior to or equal to the Replacement Lien; (h) the dismissal of this Chapter 11

case; or (i) the termination of, or failure to renew, the Debtor's license with Holiday Inn (IHG). Occurrence of any of the aforesaid shall constitute the "Expiration Date."

15. The provisions of this Order shall be binding on the Debtor, First Southern, any creditors who may hereafter extend credit to the Debtor or its estate, and any successors in interest to the same post-petition, including any trustee appointed in this case and in any superseding case under Chapter 7 of the Bankruptcy Code.

DATED this _15_ day of June 2011, in Jacksonville, Florida.


_____
PAUL M. GLENN
Chief United States Bankruptcy Judge


Copies delivered to:

Buddy D. Ford, Esq.
115 N. MacDill Avenue
Tampa, FL 33609-1521

J. Ellsworth Summers, Jr.
Rogers Towers, P.A.
1301 Riverplace Blvd., Suite 1500
Jacksonville, Florida 32207

Hotel

| Durgansa Inc.<br>Pro Forma February 2011 - March 2012<br>Ordinary Income/Expense | BUDGET<br>Apr 1-30,<br>2011 | BUDGET<br>May 1-31,<br>2011 | BUDGET<br>June 1-30,<br>2011 | BUDGET<br>July 1-31,<br>2011 | BUDGET<br>Aug 1-31,<br>2011 | BUDGET<br>Sept 1-30,<br>2011 | BUDGET<br>Oct 1-31,<br>2011 | BUDGET<br>Nov 1-31,<br>2011 | BUDGET<br>Dec 1-31,<br>2011 | BUDGET<br>Jan 1-31,<br>2012 | BUDGET<br>Feb 1-29,<br>2012 | BUDGET<br>Mar 1-31,<br>2012 | TOTAL<br>Mar 2011 -<br>Feb 2012 | AVERAGE<br>Mar 2011 -<br>Feb 2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Room Department** | | | | | | | | | | | | | | |
| Room Revenue | 160,017 | 165,251 | 144,536 | 160,513 | 142,560 | 109,212 | 149,920 | 113,627 | 124,733 | 140,252 | 129,882 | 168,074 | 1,714,896 | 142,891 |
| Telephone Revenue | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 30 | 360 | 30 |
| Miscellaneous Revenue | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,200 | 100 |
| Points Stays Adjustments | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -1,000 | -12,000 | -1,000 |
| Total Room Department | 167,147 | 164,381 | 143,666 | 159,643 | 141,810 | 108,342 | 149,050 | 112,757 | 123,863 | 139,382 | 129,012 | 165,204 | 1,704,258 | 142,021 |
| **Total Income** | 167,147 | 164,381 | 143,666 | 159,643 | 141,810 | 108,342 | 149,050 | 112,757 | 123,863 | 139,382 | 129,012 | 165,204 | 1,704,258 | 142,021 |
| **Franchise Mandate** | | | | | | | | | | | | | | |
| Advertising | 22,000 | 21,000 | 16,000 | 16,000 | 16,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 91,000 | 7,583 |
| Capital Reserve (2%) | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 1,067 | 12,804 | 1,067 |
| Credit Card Fees | 3,343 | 3,288 | 2,873 | 3,193 | 2,836 | 2,167 | 2,981 | 2,255 | 2,477 | 2,788 | 2,580 | 3,304 | 34,085 | 2,840 |
| Franchise Fees Expense | 6137 | 4831 | 4937 | 5130 | 4624 | 4490 | 4146 | 4197 | 4647 | 4417 | 4500 | 4368 | 56,424 | 4,702 |
| **General & Administrative** | 20,651 | 20,311 | 17,765 | 19,728 | 17,527 | 13,423 | 18,427 | 13,966 | 15,331 | 17,236 | 15,984 | 20,412 | 210,754 | 17,563 |
| Sales & Marketing Dept. | 240 | 411 | 136 | 92 | 50 | 115 | 144 | 128 | 522 | 69 | 81 | 100 | 2,088 | 174 |
| Travel & Ent | 0 | 0 | 0 | 300 | 0 | 0 | 0 | 300 | 300 | 0 | 300 | 0 | 1,200 | 100 |
| Professional Fees | | | | | | | | | | | | | | |
| US Trustee | 0 | 0 | 0 | 4,875 | 0 | 0 | 4,875 | 0 | 0 | 0 | 0 | 0 | 9,760 | 813 |
| Accounting | 122 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 132 | 1,584 | 132 |
| Legal Fees | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 350 | 2,960 | 330 |
| Total Professional Fees | 452 | 462 | 462 | 5,337 | 462 | 462 | 5,337 | 462 | 462 | 462 | 462 | 482 | 15,294 | 1,275 |
| Postage and Delivery | 45 | 0 | 0 | 0 | 0 | 0 | 45 | 0 | 0 | 0 | 45 | 0 | 135 | 11 |
| Office Supplies | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 330 | 3,630 | 300 |
| Licenses and Permits | 838 | 225 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 169 | 1,063 | 103 |
| Dues and Subscriptions | 80 | 80 | 80 | 60 | 80 | 0 | 80 | 80 | 80 | 80 | 80 | 80 | 860 | 80 |
| Automobile Expense | 65 | 65 | 65 | 85 | 65 | 65 | 65 | 65 | 65 | 65 | 65 | 85 | 715 | 65 |
| Total General & Administrative | 2,060 | 1,573 | 1,073 | 6,204 | 987 | 1,052 | 6,001 | 1,365 | 1,759 | 1,008 | 1,363 | 1,206 | 25,649 | 2,137 |
| Insurance | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 25,200 | 2,100 |
| **Maintenance** | | | | | | | | | | | | | | |
| Fire & Security | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,200 | 100 |
| Pool Maintenance | 0 | 300 | 0 | 300 | 0 | 300 | 0 | 300 | 0 | 300 | 0 | 0 | 1,500 | 125 |
| Pest Control | 186 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 185 | 2,220 | 185 |
| Supplies | 65 | 65 | 65 | 85 | 65 | 65 | 65 | 65 | 65 | 65 | 65 | 65 | 780 | 65 |
| Lawn | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 430 | 5,160 | 430 |
| Maintenance - Other | 255 | 665 | 125 | 132 | 190 | 520 | 160 | 1,320 | 2,300 | 85 | 1,100 | 75 | 6,927 | 677 |
| Total Maintenance | 1,035 | 1,745 | 905 | 1,212 | 970 | 1,600 | 940 | 2,400 | 3,060 | 1,165 | 1,880 | 655 | 17,787 | 1,482 |
| Management Fees (Rooms) | 8,357 | 8,219 | 7,183 | 7,982 | 7,090 | 5,417 | 7,453 | 5,636 | 6,193 | 6,969 | 6,451 | 8,260 | 85,213 | 7,101 |
| **Payroll Expenses** | | | | | | | | | | | | | | |
| Payroll Services | 82 | 80 | 118 | 71 | 76 | 72 | 75 | 78 | 118 | 155 | 98 | 79 | 1,104 | 92 |
| Labor | | | | | | | | | | | | | | |
| Work Comp | 718 | 718 | 716 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 8,616 | 718 |
| GM Manage | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 60,000 | 5,000 |
| Payroll Exp | 30,348 | 29,667 | 43,703 | 28,796 | 27,753 | 27,115 | 25,753 | 30,500 | 40,532 | 30,000 | 30,624 | 31,900 | 379,881 | 31,666 |
| Total Labor | 36,066 | 35,385 | 49,421 | 34,514 | 33,471 | 32,833 | 34,471 | 36,218 | 46,550 | 35,718 | 36,342 | 37,618 | 448,607 | 37,384 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Payroll Expenses | 36,146 | 35,485 | 49,539 | 34,585 | 33,549 | 32,905 | 34,548 | 36,296 | 46,688 | 35,873 | 36,440 | 37,597 | 449,711 | 37,476 |
| **Rooms Expense** | | | | | | | | | | | | | | |
| Dry Cleaning Services | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Housekeeping Supplies | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 990 | 11,880 | 990 |
| Room Supplies | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 36,000 | 3,000 |
| Total Rooms Expense | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 4,015 | 48,180 | 4,015 |
| **Taxes** | | | | | | | | | | | | | | |
| Communication | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 36 | 3 |
| Property | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 4950 | 59,400 | 4,950 |
| Sales | 10,998 | 10,817 | 9,482 | 10,607 | 9,341 | 7,151 | 8,814 | 7,440 | 8,167 | 9,182 | 8,504 | 10,871 | 112,255 | 9,355 |
| Tourism | 9,510 | 9,354 | 8,181 | 9,086 | 8,076 | 6,182 | 6,488 | 6,432 | 7,060 | 7,839 | 7,352 | 9,400 | 97,058 | 8,088 |
| Taxes – Other | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,000 | 250 |
| Total Taxes | 25,712 | 25,374 | 22,846 | 24,786 | 22,620 | 18,536 | 23,503 | 19,075 | 20,430 | 22,324 | 21,058 | 25,475 | 271,748 | 22,846 |
| **Utilities** | | | | | | | | | | | | | | |
| Telephone | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 896 | 10,752 | 896 |
| Waste | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 396 | 4,752 | 396 |
| Cable | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 1,550 | 18,600 | 1,550 |
| Gas and Electric | 11220 | 13530 | 13530 | 13530 | 13530 | 13520 | 13530 | 11880 | 11220 | 10560 | 10560 | 16500 | 153,120 | 12,760 |
| Total Utilities | 14,062 | 16,372 | 16,372 | 16,372 | 16,372 | 16,372 | 16,372 | 14,722 | 14,062 | 13,402 | 13,402 | 19,342 | 187,224 | 15,602 |
| Total Expense | 147,369 | 146,233 | 147,274 | 148,114 | 130,279 | 102,721 | 127,032 | 107,386 | 123,113 | 112,895 | 111,663 | 128,663 | 1,534,352 | 127,883 |
| | | | | | | | | | | | | | | |
| **Other Income/Expense** | | | | | | | | | | | | | | |
| Other Expense | | | | | | | | | | | | | | |
| Unreconcilable Difference | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Other Expense | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Other Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Income | 19,758 | 18,148 | -3,608 | 11,529 | 11,530 | 4,621 | 22,018 | 4,772 | 750 | 26,487 | 17,349 | 56,541 | 189,336 | 31,158 |

*Restaurant*

**Dotgame Inc.**
**Pro Forma February 2011 - March 2012**

| Ordinary Income/Expense | BUDGET Apr 1-30, 2011 | BUDGET May 1-31, 2011 | BUDGET June 1-30, 2011 | BUDGET July 1-31, 2011 | BUDGET Aug 1-31, 2011 | BUDGET Sept 1-30, 2011 | BUDGET Oct 1-31, 2011 | BUDGET Nov 1-31, 2011 | BUDGET Dec 1-31, 2011 | BUDGET Jan 1-31, 2012 | BUDGET Feb 1-29, 2012 | BUDGET Mar 1-31, 2012 | TOTAL Mar 2011 - Feb 2012 | AVERAGE Mar 2011 - Feb 2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Restaurant Department** | | | | | | | | | | | | | | |
| Gross Food | 10,046 | 9,765 | 9,140 | 12,988 | 12,134 | 7,475 | 10,234 | 7,859 | 7,065 | 12,248 | 9,577 | 11,256 | 119,836 | 9,986 |
| Total Liquor Sales | 3,122 | 2,593 | 3,204 | 2,590 | 3,386 | 2,343 | 2,406 | 2,602 | 2,065 | 2,450 | 2,211 | 3,243 | 32,318 | 2,693 |
| Total Beer Sales | 3,184 | 2,380 | 2,822 | 2,612 | 3,194 | 2,850 | 3,274 | 2,201 | 1,712 | 3,008 | 2,198 | 3,439 | 32,875 | 2,740 |
| Total Wine Sales | 799 | 708 | 1,475 | 408 | 1,478 | 1,691 | 825 | 1,350 | 435 | 2,783 | 887 | 2,252 | 15,292 | 1,274 |
| Food/Beverage Comps | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -25 | -300 | -25 |
| Total Restaurant Department | 17,127 | 15,441 | 16,517 | 18,583 | 20,167 | 14,533 | 16,715 | 13,998 | 11,251 | 20,454 | 14,848 | 20,274 | 200,020 | 16,688 |
| **Total Income** | 17,127 | 15,441 | 16,517 | 18,583 | 20,167 | 14,533 | 16,715 | 13,998 | 11,251 | 20,454 | 14,848 | 20,274 | 200,020 | 16,688 |
| **Expense** | | | | | | | | | | | | | 200,020 | 16,688 |
| Capital Reserve (2%) | 343 | 309 | 332 | 372 | 403 | 291 | 334 | 280 | 225 | 409 | 297 | 405 | 4,000 | 333 |
| Credit Card Fees | 613 | 487 | 493 | 512 | 462 | 448 | 414 | 419 | 454 | 441 | 450 | 436 | 5,634 | 470 |
| Professional Fees | | | | | | | | | | | | | | |
| US Trustee | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Accounting | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 180 | 15 |
| Legal Fees | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 480 | 40 |
| Total Professional Fees | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 660 | 55 |
| Licenses and Permits | 0 | 0 | 0 | 0 | 1,820 | 0 | 0 | 0 | 0 | 697 | 0 | 0 | 2,517 | 210 |
| Dues and Subscriptions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total General & Administrative | 55 | 55 | 55 | 55 | 1,875 | 55 | 55 | 55 | 55 | 752 | 55 | 55 | 3,177 | 285 |
| Insurance | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 3,600 | 300 |
| Maintenance | | | | | | | | | | | | | | |
| Fire & Security | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Pest Control | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 240 | 20 |
| Supplies | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 120 | 10 |
| Lawn | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 840 | 70 |
| Maintenance - Other | 30 | 80 | 15 | 16 | 23 | 65 | 20 | 160 | 280 | 10 | 135 | 10 | 844 | 70 |
| Total Maintenance | 155 | 205 | 140 | 141 | 148 | 190 | 145 | 285 | 405 | 135 | 260 | 135 | 2,344 | 195 |
| **Payroll Expenses** | | | | | | | | | | | | | | |
| Payroll Services | 11 | 10 | 14 | 9 | 9 | 10 | 9 | 11 | 15 | 17 | 12 | 9 | 135 | 11 |
| Labor | | | | | | | | | | | | | | |
| Work Comp | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 167 | 2,004 | 167 |
| Payroll Expenses | 6854 | 6928 | 10205 | 6258 | 6482 | 6333 | 6481 | 7300 | 9535 | 7000 | 7150 | 7450 | 87,977 | 7,331 |
| Total Labor | 7,021 | 7,095 | 10,373 | 6,425 | 6,649 | 6,500 | 6,648 | 7,467 | 9,702 | 7,167 | 7,317 | 7,617 | 89,981 | 7,498 |
| Total Payroll Expenses | 7,032 | 7,105 | 10,387 | 6,434 | 6,658 | 6,510 | 6,657 | 7,478 | 9,717 | 7,184 | 7,329 | 7,626 | 90,117 | 7,510 |
| **Restaurant Expense** | | | | | | | | | | | | | | |
| Restaurant Comp's | 5,540 | 4,738 | 5,496 | 5,000 | 6,000 | 4,712 | 6,200 | 4,700 | 3,500 | 4,200 | 5,000 | 6,503 | 61,088 | 5,091 |
| Food Supplies | 5100 | 4500 | 4200 | 5500 | 5300 | 3800 | 4900 | 4100 | 3800 | 4500 | 4200 | 5000 | 54,900 | 4,575 |
| Management Fees M&G | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 40,800 | 3,400 |
| Restaurant Supplies | 340 | 180 | 230 | 100 | 360 | 380 | 360 | 820 | 1000 | 80 | 500 | 280 | 4,628 | 385 |
| Bar Supplies | 1,050 | 850 | 1,100 | 600 | 1,200 | 1,050 | 950 | 925 | 600 | 1,200 | 800 | 1,350 | 11,675 | 990 |
| Restaurant Expense - Other | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,200 | 100 |
| Total Restaurant Expense | 15,530 | 13,768 | 14,526 | 14,900 | 16,360 | 12,942 | 15,900 | 14,045 | 12,400 | 13,480 | 14,000 | 16,633 | 174,483 | 14,540 |
| **Taxes** | | | | | | | | | | | | | | |
| Property | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 7,200 | 600 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales | 1,122 | 1,012 | 1,083 | 1,217 | 1,321 | 952 | 1,096 | 917 | 738 | 1,340 | 873 | 1,328 | 13,105 | 1,092 |
| Taxes - Other | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Total Taxes | 1,747 | 1,637 | 1,714 | 1,842 | 1,946 | 1,577 | 1,720 | 1,542 | 1,363 | 1,865 | 1,598 | 1,953 | 20,605 | 1,717 |
| **Utilities** | | | | | | | | | | | | | 0 | |
| Telephone | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | 110 | | 110 |
| Waste | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 48 | 1,320 | 48 |
| Cable | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 576 | 48 |
| Gas and Electric | 1380 | 1640 | 1640 | 1640 | 1640 | 1640 | 1440 | 1360 | 1260 | 1280 | 1280 | 2000 | 3,800 | 300 |
| Total Utilities | 1,818 | 2,096 | 2,098 | 2,098 | 2,098 | 2,098 | 1,898 | 1,818 | 1,728 | 1,738 | 1,738 | 2,458 | 23,695 | 1,975 |
| Total Expense | 27,593 | 25,958 | 30,046 | 26,654 | 30,250 | 24,411 | 27,423 | 26,222 | 28,667 | 26,405 | 26,027 | 30,001 | 327,657 | 27,305 |
| **Other Income/Expense** | | | | | | | | | | | | | | |
| Other Expense | | | | | | | | | | | | | | |
| Unreconcilable Difference | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Other Expense | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Other Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Income | -10,486 | -10,517 | -13,422 | -5,071 | -10,083 | -8,877 | -10,709 | -12,724 | -15,416 | -5,940 | -11,179 | -9,727 | -127,637 | -10,635 |

Banquet

**Durgams Inc.**
**Pro Forma February 2011 - March 2012**
**Ordinary Income/Expense**

| | BUDGET Apr 1-30, 2011 | BUDGET May 1-31, 2011 | BUDGET June 1-30, 2011 | BUDGET July 1-31, 2011 | BUDGET Aug 1-31, 2011 | BUDGET Sept 1-30, 2011 | BUDGET Oct 1-31, 2011 | BUDGET Nov 1-31, 2011 | BUDGET Dec 1-31, 2011 | BUDGET Jan 1-31, 2012 | BUDGET Feb 1-29, 2012 | BUDGET Mar 1-31, 2012 | TOTAL Mar 2011 - Feb 2012 | AVERAGE Mar 2011 - Feb 2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Banquet Department** | | | | | | | | | | | | | | |
| Banquet Room & Misc | 8,352 | 13,755 | 13,369 | 7,145 | 7,687 | 14,317 | 12,120 | 14,190 | 8,024 | 9,242 | 13,792 | 9,448 | 133,641 | 11,137 |
| Banquet Food | 21,587 | 11,378 | 19,674 | 8,925 | 11,671 | 26,231 | 24,823 | 14,754 | 22,378 | 10,073 | 19,076 | 23,861 | 224,431 | 18,703 |
| Banquet Tax Exempt | 2,487 | 3,365 | 6,543 | 2,180 | 1,736 | 700 | 7,336 | 3,649 | 4,365 | 3,904 | 7,653 | 5,577 | 49,497 | 4,125 |
| House Service Fee Income | 9,830 | 8,360 | 10,771 | 5,548 | 7,012 | 11,376 | 13,662 | 7,320 | 7,786 | 5,189 | 9,367 | 12,928 | 108,347 | 9,079 |
| Bar Revenue | 1,709 | 2,818 | 800 | 453 | 288 | 1,880 | 203 | 5,560 | 2,243 | 1,120 | 2,234 | 962 | 20,469 | 1,706 |
| Total Banquet Department | 45,365 | 39,676 | 51,256 | 24,248 | 28,394 | 55,204 | 58,144 | 45,482 | 44,797 | 29,530 | 52,112 | 52,776 | 536,985 | 44,749 |
| **Total Income** | 45,365 | 39,676 | 51,256 | 24,248 | 28,394 | 55,204 | 58,144 | 45,482 | 44,797 | 29,530 | 52,112 | 52,776 | 536,985 | 44,749 |
| Advertising | 800 | 600 | 600 | 600 | 600 | 600 | 600 | 800 | 600 | 600 | 600 | 600 | 7,200 | 600 |
| Capital Reserve (2%) | 907 | 794 | 1,025 | 485 | 568 | 1,104 | 1,163 | 910 | 896 | 591 | 1,042 | 1,255 | 10,740 | 895 |
| Credit Card Fees | 613 | 402 | 493 | 512 | 462 | 448 | 414 | 419 | 464 | 441 | 450 | 438 | 5,634 | 470 |
| **General & Administrative** | | | | | | | | | | | | | | |
| Sales & Marketing Dept. | 240 | 411 | 136 | 92 | 50 | 115 | 144 | 128 | 522 | 69 | 81 | 100 | 2,058 | 174 |
| **Professional Fees** | | | | | | | | | | | | | | |
| US Trustee | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Accounting | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 52 | 624 | 52 |
| Legal Fees | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 1,560 | 130 |
| Total Professional Fees | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 182 | 2,184 | 182 |
| Postage and Delivery | 0 | 0 | 45 | 0 | 45 | 0 | 0 | 0 | 45 | 0 | 0 | 0 | 135 | 11 |
| Office Supplies | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 1,560 | 130 |
| Licenses And Permits | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Dues and Subscriptions | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 480 | 40 |
| Total General & Administrative | 582 | 763 | 533 | 444 | 447 | 467 | 496 | 480 | 919 | 421 | 433 | 452 | 6,447 | 537 |
| Insurance | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 14,400 | 1,200 |
| **Maintenance** | | | | | | | | | | | | | | |
| Fire & Security | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Pest Control | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 73 | 876 | 73 |
| Supplies | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Lawn | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 2,400 | 200 |
| Maintenance - Other | 100 | 290 | 50 | 62 | 75 | 200 | 65 | 520 | 910 | 35 | 435 | 30 | 2,732 | 228 |
| Total Maintenance | 423 | 563 | 373 | 375 | 398 | 523 | 388 | 843 | 1,233 | 358 | 758 | 353 | 8,608 | 551 |
| **Payroll Expenses** | | | | | | | | | | | | | | |
| Payroll Services | 32 | 32 | 47 | 28 | 30 | 28 | 30 | 30 | 47 | 60 | 38 | 31 | 433 | 36 |
| **Labor** | | | | | | | | | | | | | | |
| Work Comp | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 240 | 2,880 | 240 |
| Payroll Expenses | 9600 | 9900 | 14000 | 8900 | 9000 | 9053 | 9200 | 10400 | 13500 | 10000 | 10200 | 10600 | 124,353 | 10,383 |
| Total Labor | 9,840 | 10,140 | 14,240 | 9,140 | 9,240 | 9,293 | 9,440 | 10,640 | 13,740 | 10,240 | 10,440 | 10,840 | 127,233 | 10,603 |
| Total Payroll Expenses | 9,872 | 10,172 | 14,287 | 9,168 | 9,270 | 9,321 | 9,470 | 10,670 | 13,787 | 10,300 | 10,478 | 10,871 | 127,686 | 10,639 |
| **Banquet Expense** | | | | | | | | | | | | | | |
| Food Supplies | 7200 | 6600 | 7000 | 5000 | 5500 | 7100 | 7700 | 5100 | 8300 | 6800 | 8100 | 7650 | 82,050 | 6,838 |
| Management Fees Mal | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 3,400 | 40,800 | 3,400 |
| Banquet Supplies | 500 | 250 | 350 | 150 | 530 | 550 | 530 | 1150 | 1000 | 150 | 960 | 430 | 6,570 | 548 |
| Bar Supplies | 250 | 400 | 125 | 70 | 50 | 300 | 30 | 800 | 330 | 160 | 325 | 140 | 2,980 | 248 |
| Restaurant Expense - Other | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,200 | 100 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Restaurant Expense. | 11,450 | 10,750 | 10,573 | 8,720 | 9,580 | 11,450 | 11,760 | 10,550 | 13,130 | 10,610 | 12,905 | 11,720 | 133,600 | 11,133 |
| **Banquet Cleaning Expenses** | | | | | | | | | | | | | | |
| Dry Cleaning Services | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 25 | 300 | 25 |
| Housekeeping Supplies | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 390 | 4,680 | 390 |
| Total Cleaning Expense | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 415 | 4,900 | 415 |
| **Taxes** | | | | | | | | | | | | | | |
| Property | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1950 | 1850 | 23,400 | 1,950 |
| Sales | 2,805 | 2,375 | 2,925 | 1,444 | 1,744 | 3,568 | 3,324 | 2,737 | 2,645 | 1,676 | 2,909 | 3,742 | 31,692 | 2,658 |
| Taxes - Other | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,200 | 100 |
| Total Taxes | 4,855 | 4,425 | 4,975 | 3,494 | 3,794 | 5,618 | 5,374 | 4,787 | 4,695 | 3,726 | 4,959 | 6,792 | 56,482 | 4,708 |
| **Utilities** | | | | | | | | | | | | | | |
| Telephone | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 4,200 | 350 |
| Waste | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 156 | 1,872 | 156 |
| Cable | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 | 150 |
| Gas and Electric | 4420 | 5330 | 5330 | 5330 | 5330 | 5330 | 5330 | 4680 | 4420 | 4160 | 4160 | 6500 | 60,320 | 5,027 |
| Total Utilities | 5,076 | 5,986 | 5,986 | 5,986 | 5,986 | 5,986 | 5,986 | 5,336 | 5,076 | 4,816 | 4,816 | 7,156 | 68,192 | 5,683 |
| Total Expense | 36,243 | 38,581 | 40,998 | 31,491 | 32,770 | 37,245 | 37,410 | 36,337 | 42,937 | 33,347 | 38,137 | 40,351 | 444,046 | 37,004 |
| | | | | | | | | | | | | | | |
| **Other Income/Expense** | | | | | | | | | | | | | | |
| Other Expense | | | | | | | | | | | | | | |
| Unreconcilable Difference | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Other Expense | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Other Income | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Net Income | 9,122 | 3,095 | 10,258 | -7,242 | -4,376 | 17,859 | 20,735 | 9,145 | 1,880 | -4,017 | 13,975 | 22,428 | 92,838 | 7,745 |